UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GLOBALFOUNDRIES U.S. INC.,**<br><br>Plaintiff<br><br>v.<br><br>**TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LTD., TSMC NORTH AMERICA, TSMC TECHNOLOGY, INC., MEDIATEK INC., MEDIATEK USA INC., MSTAR SEMICONDUCTOR, INC., HISENSE CO., LTD., HISENSE ELECTRIC CO. LTD., HISENSE INTERNATIONAL CO., LTD., HISENSE GROUP CO., LTD., QINGDAO HISENSE COMMUNICATION CO., LTD., AND HISENSE IMPORT & EXPORT CO. LTD.,**<br><br>Defendants | **Case No. 6:19-cv-00490-ADA**<br><br>**JURY TRIAL DEMANDED** |

**STIPULATION TO WAIVE SERVICE AND**
**AGREED MOTION TO EXTEND DEADLINES**

Plaintiff Globalfoundries U.S. Inc. ("Globalfoundries"), and Defendants Taiwan Semiconductor Manufacturing Company Ltd., TSMC North America, TSMC Technology, Inc., MediaTek Inc., MediaTek USA Inc., MStar Semiconductor, Inc., Hisense Co., Ltd., Hisense Electric Co. Ltd., Hisense International Co., Ltd., Hisense Group Co., Ltd., Qingdao Hisense Communication Co., Ltd., and Hisense Import &

Export Co. Ltd. (collectively "Defendants") request that the Court enter a briefing schedule as to the time for Defendants to answer or otherwise respond to Plaintiff's Complaint and the time for Plaintiff to answer or otherwise respond to any motion or claim by Defendants.

1. Plaintiff Globalfoundries filed its Complaint on August 26, 2019.

2. Defendant MediaTek USA, Inc. was served with process on August 30, 2019.

3. Defendant TSMC North America was served with process on August 29, 2019.

4. Defendant TSMC Technology, Inc. was served with process on August 29, 2019.

5. On September 16, 2019, the Court granted an extension of time for MediaTek USA, Inc., TSMC North America, and TSMC Technology, Inc. to answer or otherwise respond until and including October 21, 2019.

6. Defendant Taiwan Semiconductor Manufacturing Company Ltd. hereby stipulates it has received a copy of Globalfoundries' Complaint and all exhibits thereto, agrees to waive service, waives any objections to the absence of a summons or service, and stipulates it will not contest whether it was properly served, including under Federal Rule of Civil Procedure 12(b)(4) or (5), and including whether its waiver was not effective under the Hague Convention or the laws of Taiwan.

7. Defendant MediaTek Inc. hereby stipulates it has received a copy of Globalfoundries' Complaint and all exhibits thereto, agrees to waive service, waives any objections to the absence of a summons or service, and stipulates it will not contest

whether it was properly served, including under Federal Rule of Civil Procedure 12(b)(4) or (5), and including whether its waiver was not effective under the Hague Convention or the laws of Taiwan.

8. Defendant MStar Semiconductor, Inc. hereby stipulates it has received a copy of Globalfoundries' Complaint and all exhibits thereto, agrees to waive service, waives any objections to the absence of a summons or service, and stipulates it will not contest whether it was properly served, including under Federal Rule of Civil Procedure 12(b)(4) or (5), and including whether its waiver was not effective under the Hague Convention or the laws of Taiwan.

9. Defendant Hisense Co., Ltd. hereby stipulates it has received a copy of Globalfoundries' Complaint and all exhibits thereto, agrees to waive service, waives any objections to the absence of a summons or service, and stipulates it will not contest whether it was properly served, including under Federal Rule of Civil Procedure 12(b)(4) or (5), and including whether its waiver was not effective under the Hague Convention or the laws of The People's Republic of China or Hong Kong.

10. Defendant Hisense Electric Co. Ltd. hereby stipulates it has received a copy of Globalfoundries' Complaint and all exhibits thereto, agrees to waive service, waives any objections to the absence of a summons or service, and stipulates it will not contest whether it was properly served, including under Federal Rule of Civil Procedure 12(b)(4) or (5), and including whether its waiver was not effective under the Hague Convention or the laws of The People's Republic of China.

11. Defendant Hisense International Co., Ltd. hereby stipulates it has received a copy of Globalfoundries' Complaint and all exhibits thereto, agrees to waive service,

waives any objections to the absence of a summons or service, and stipulates it will not contest whether it was properly served, including under Federal Rule of Civil Procedure 12(b)(4) or (5), and including whether its waiver was not effective under the Hague Convention or the laws of The People's Republic of China.

12. Defendant Hisense Group Co., Ltd. hereby stipulates it has received a copy of Globalfoundries' Complaint and all exhibits thereto, agrees to waive service, waives any objections to the absence of a summons or service, and stipulates it will not contest whether it was properly served, including under Federal Rule of Civil Procedure 12(b)(4) or (5), and including whether its waiver was not effective under the Hague Convention or the laws of The People's Republic of China.

13. Defendant Qingdao Hisense Communication Co., Ltd. hereby stipulates it has received a copy of Globalfoundries' Complaint and all exhibits thereto, agrees to waive service, waives any objections to the absence of a summons or service, and stipulates it will not contest whether it was properly served, including under Federal Rule of Civil Procedure 12(b)(4) or (5), and including whether its waiver was not effective under the Hague Convention or the laws of The People's Republic of China.

14. Defendant Hisense Import & Export Co. Ltd. hereby stipulates it has received a copy of Globalfoundries' Complaint and all exhibits thereto, agrees to waive service, waives any objections to the absence of a summons or service, and stipulates it will not contest whether it was properly served, including under Federal Rule of Civil Procedure 12(b)(4) or (5), and including whether its waiver was not effective under the Hague Convention or the laws of The People's Republic of China.

15. The Defendants who have waived service herein will keep all defenses or

objections to the lawsuit, the court's jurisdiction, and the venue of the action.

16. In light of the multiple claims in this case, the parties request additional time for Defendants to answer or otherwise respond to the Complaint and for Globalfoundries to answer or otherwise respond to any answer or other response filed by Defendants.

17. To prevent duplication in effort and motions, the parties have agreed and propose to the Court that an extension of deadlines and entry of a briefing schedule is appropriate.

18. The parties jointly request that the Court enter an Order:

- Setting and extending Defendants' deadline to answer or otherwise respond to Globalfoundries' Complaint to December 17, 2019.
- Extending Globalfoundries' deadline to answer or otherwise respond to Defendants' answer or other response to January 21, 2020.

19. This extension and briefing schedule is not being sought for purposes of delay, but so that justice may be done. In particular, both parties agree that this schedule is advisable for purposes of fairness. Further, it will promote judicial economy by preventing the Court from having to rule on individual extensions and from considering duplicative motions.

20. As stated above, counsel for Globalfoundries and Defendants have agreed to the relief requested in this motion.

Globalfoundries and Defendants respectfully request that the Court grant the extension of deadlines and enter the briefing schedule described above, and award them all other relief to which they may be entitled.

Dated: October 16, 2019	Respectfully Submitted

/s/ Raymond W. Mort, III
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**

– and –

/s/ David H. Harper
David H. Harper
Texas State Bar No. 09025540
david.harper@haynesboone.com
Phillip B. Philbin
Texas State Bar No. 15909020
phillip.philbin@haynesboone.com
Stephanie N. Sivinski
Texas State Bar No. 24075080
stephanie.sivinski@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

*Of Counsel*:

Claudia Frost
Jeffrey Johnson
ORRICK, HERRINGTON & SUTCLIFFE LLP
609 Main Street
40th Floor
Houston, Texas 77002-3106
Telephone: (713) 658-6400
cfrost@orrick.com
jj@orrick.com

Sten A. Jensen
Christopher Higgins
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005-1706
Telephone: (202) 339-8400
sjensen@orrick.com
chiggins@orrick.com

Jared Bobrow
Jason Lang
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025-1015
Telephone: (650) 614-7400
jbobrow@orrick.com
jlang@orrick.com

Robert J. Benson
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, California 92614-8255
Telephone: (949) 567-6700
rbenson@orrick.com

**ATTORNEYS FOR DEFENDANTS**